(No. 26228.—
The People of the State of Illinois, Defendant in Error, *vs.* Vincenzia Flora Bara, Plaintiff in Error.

*Opinion filed Sept. 17, 1941—Rehearing denied November 18, 1941.*

George W. Sprenger, for plaintiff in error.

George F. Barrett, Attorney General, and Lester F. Carson, State's Attorney, (Roy P. Hull, of counsel,) for the People.

Mr. Justice Smith delivered the opinion of the court:

Plaintiff in error, Vincenzia Flora Bara, *alias* Geraldine Nash, *alias* Geraldine Murphy, *alias* Jerry Murphy, seeks to reverse a judgment of conviction entered by the circuit court of Peoria county. The indictment charged plaintiff in error with having obtained from one Carl L. Scragg $420 in money by means and by use of the confidence game, in violation of section 98 of division 1 of the Criminal Code. Ill. Rev. Stat. 1939, chap. 38, par. 256.

The case was tried by a jury. There was a verdict finding plaintiff in error guilty, as charged. After overruling motions for a new trial, and in arrest of judgment, the court entered judgment on the verdict and sentenced

plaintiff in error to the State Reformatory for Women for an indeterminate sentence, as fixed by the statute.

In this connection it should be observed that the abstract of the record filed in this court fails to show that any judgment was ever entered. The only action of the court below shown by the abstract is that the motions for a new trial and in arrest of judgment were overruled. For this palpable omission this court would be justified in entering an order of affirmance without considering any of the alleged errors assigned. Nevertheless, in the interest of facilitating the final disposition of the case we have given consideration to all the contentions made in this court.

A detailed review of the evidence in this opinion would serve no useful purpose. To simply characterize it as degrading would lend to it an air of dignity, which it does not merit. It is sufficient to say that plaintiff in error, in February, 1938, was an inmate of a house of prostitution in the city of Peoria. It was there that she first met, wooed, and won, Carl L. Scragg, the complaining witness, who, at that time resided in Elmwood, Illinois. By occupation he was a painter and paperhanger, thirty-two years of age and, apparently, somewhat lacking in experience. Thereafter his occupation materially suffered from sheer neglect. While she remained in Peoria, according to his own testimony, he was her frequent and ardent companion. She left Peoria sometime in the year 1939, going to Chicago. Thereafter he made frequent and prolonged visits to her home in Chicago. Scragg testified that he became so infatuated with her charms that he spent most of his time with her in order to prevent someone else from getting her for a wife. It was his contention, and he so testified, that during all that time she represented to him on many occasions that she was the heir to a valuable estate of a deceased uncle in Rochester, New York. Singularly enough, in order to enable her to reduce this vast estate to posses-

sion, financial assistance was indispensable. This, Scragg readily and cheerfully furnished to and far beyond the extent of his ability. This made it necessary for him to borrow various sums from different members of his family. He claims that altogether he advanced to plaintiff in error more than $12,000, on the strength of the representations made by her concerning this mythical estate. He further claimed that on one of his trips to Chicago she took him to what he thought was the courthouse and procured what she represented to be a marriage license, and that, thereafter, they went through what he thought was a marriage ceremony. That he labored under the misapprehension that he was married to her until in the month of August, 1940, when he learned, much to his disappointment and surprise, that he was not married. He was partially corroborated by many letters written by plaintiff in error to him and admitted in evidence on the trial. In these letters she addressed him as her loving husband and used lavishly other endearing terms.

Most of the testimony of the complaining witness was positively denied by plaintiff in error. Their relations, however, are not in dispute. With equal frankness she admitted the receipt of money from him, practically as testified to by him. According to her testimony the story of the anticipated inheritance was fabricated by plaintiff in error and Scragg for the sole purpose of enabling the two of them together to obtain money from his relatives; that this conspiracy was originated by Scragg and was only joined in by her at his solicitation and request. This contention of hers is not without some support and corroborative circumstance in the evidence, even in his testimony. Whatever the facts may be, the record shows that both played their parts freely and with considerable success. It is demonstrated by the record that the real victim in this case is not the complaining witness, but his relatives on

whom they both imposed and who, as the result of the false pretenses and an abuse of confidence of the two conspirators, were inveigled into financing their bawdry career.

We think the jury would have been amply justified in refusing to believe the testimony of either the complaining witness or plaintiff in error. The jury evidently accepted the testimony of Scragg to the extent of believing that it proved the guilt of plaintiff in error as charged in the indictment, regardless of the part which he himself played in duping his unsuspecting relatives.

Plaintiff in error's sole contention is that because of the inherent improbability in the testimony of the witness Scragg in many respects and because he is so discredited by his admitted relations with plaintiff in error, it does not establish her guilt beyond a reasonable doubt. The only authority relied upon to support this argument is John 8:7. While we fully concur in the rule there announced, and accept, without question, the authority cited, the statutes of Illinois prescribe no such qualifications for a prosecuting witness. The record shows, and plaintiff in error admits, that she received money from Scragg on many occasions and in various amounts. The only item involved in the charge in the indictment was $420, alleged to have been obtained on August 1, 1940. The testimony of Scragg as to that particular transaction, if the jury believed it to be true, was sufficient to establish the guilt of plaintiff in error of the crime charged in the indictment. No questions of law are involved.

There are no errors in the record which would justify this court in reversing the judgment here reviewed. The judgment of the circuit court of Peoria county is affirmed.

*Judgment affirmed.*